IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

ROCK EDWARD MAYLE          )      C/A No. 9:06-3048-CMC-GCK
                                   )
        Plaintiff,            )
                                   )
        v.                 )
                                   )      **O R D E R**
MICHAEL J. ASTRUE,          )
Commissioner of Social Security Administration,  )
                                 )
        Defendant.       )
_____)

This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security Administration (hereinafter "Commissioner"). The matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of this court. For the reasons set forth below, the court adopts the Report. The court, therefore, affirms the decision of the Commissioner.

## I.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court as to dispositive matters. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge recommended that the decision of the Commissioner be affirmed. Plaintiff has filed objections in which he argues that the ALJ:

(1) improperly combined the step of deciding whether Plaintiff was disabled with the step of determining whether alcoholism was a contributing factor material to the determination

of disability;

(2)   failed to apply Listing 12.02 in deciding whether Plaintiff was disabled and, if so, whether he would still be disabled absent consideration of his alcoholism;

(3)  improperly relied only on the portions of the medical records and other evidence adverse to Plaintiff; and

(4)  improperly disregarded Plaintiff's financial condition in determining that Plaintiff was non-compliant with treatment (by failing to purchase and take his medications) and gave excessive weight to his alcoholism in judging his credibility.

Only the first of these arguments was addressed at any length in Plaintiff's opening memorandum presented to the Magistrate Judge (Dkt No. 10).  The latter three were referred to only briefly and then only in the "conclusion" section of that document.  Plaintiff's reply, likewise, suggested reliance only on the first argument.[1]  The Magistrate Judge, nonetheless, dealt with each of these issues fully in his extensive Report.[2]

After careful review of the record, the undersigned concludes that the grounds underlying all of Plaintiff's objections are adequately and correctly addressed in the Report.  The court, therefore, concurs with the recommendation made by the Magistrate Judge as well as the reasoning set forth in the Report.

---

[1]  *See* Dkt No. 14 (stating that Plaintiff had raised only "errors of law" and that Defendant was, improperly, trying to shift the court's focus to a "substantial evidence" standard of review).

[2]  *See* Dkt No. 15 at 24-27 (addressing sequence of ALJ's analysis), 27-30 (addressing Listing 12.02), 30-33 (addressing credibility analysis including as it relates to alcoholism), and 33-37 (addressing related issues of alcohol use, failure to fill prescriptions, and non-compliance with treatment).

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 3, 2007

C:\Documents and Settings\abs99\Local Settings\Temp\notesE1EF34\06-3048 mayle adopt R&R affirm Comm'r.wpd

4